

United States Department of Justice

*United States Attorney's Office*
*Northern District of West Virginia*

Derek W. Hotsinpiller Federal Building
320 West Pike Street        Phone: (304) 623-7030
Suite 300                   FAX: (304) 234-0110
Clarksburg, WV 26301

August 12, 2024

**VIA EMAIL**
Edmund J. Rollo, Esq.
44 High Street
Morgantown, WV 26505
Email: edmundjrollo@hotmail.com

**FILED**

APR 2 8 2025

**U.S. DISTRICT COURT-WVND**
**CLARKSBURG, WV 26301**

Re:    *United States v. Christina R. Arillo*
       *Case No.* 1:25 C R 19

Dear Mr. Rollo:

This will confirm conversations with you concerning your client, Christina R. Arillo (hereinafter referred to as "Ms. Arillo" or "Defendant").

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1.      Upon the filing of an Information by the United States Attorney, the Defendant will waive her right to have this matter presented to a grand jury and will tender her plea of guilty to Count One of the Information, charging her with Sexual Abuse of a Person in Official Detention, in violation of Title 18, United States Code, Section 2243(b).

2.      The maximum penalty to which the Defendant will be exposed by virtue of her plea of guilty as stated in paragraph 1 above is imprisonment for a period of not more than fifteen (15) years, a fine of $250,000.00, and a term of not more than three (3) years of supervised release. It is further understood by the Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) which must be paid within 40 days following entry of her plea, by money order or certified check to the United States District Court. It is also understood that the Defendant may be required by the Court to pay the costs of her incarceration, supervision, and probation.

Christina R. Arillo

1-27-25
Date

Edmund J. Rollo, Esq.
Counsel for Ms. Arillo

1-27-25
Date

Edmund J. Rollo, Esq.
August 12, 2024
Page 2

3.      Ms. Arillo will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of her and will give signed, sworn statements and grand jury and trial testimony relative thereto. Ms. Arillo will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4.      A.      Nothing contained in any statement, or any testimony given by Defendant, pursuant to paragraph 3, will be used against her as the basis for any subsequent prosecution.  Defendant understands that the use immunity granted in this agreement does not cover any statements or admissions that she committed, or was directly involved in committing, a crime of violence. This means that such statements or admissions can be used against the Defendant in any state or federal prosecution.  In this regard, Defendant admits that, prior to the proffer, pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), she has been adequately advised and warned that any admission that she committed, or was directly involved in committing, a crime of violence is not covered by the use immunity under this agreement.  It is further understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

B.      This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws she may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by her pursuant to this agreement.

C.      In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of her fulfilling the conditions of paragraph 3 above.

5.      At final disposition, the United States will advise the Court of Ms. Arillo's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

_____
Christina R. Arillo

_____
Edmund J. Rollo, Esq.
Counsel for Ms. Arillo

1-27-25
_____
Date

1-27-25
_____
Date

Edmund J. Rollo, Esq.
August 12, 2024
Page 3

6.    There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B). However, the defendant understands that the Court is not bound by these sentence recommendations, and that the defendant has no right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

7.    The United States will make the following nonbinding recommendations: 1) if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by U.S.S.G. § 3E1.1, the United States will concur in the recommendation; 2) should the defendant give timely and complete information about her criminal conduct and provide timely notice of her intent to plead guilty, permitting the United States to avoid trial preparation, the United States will recommend an additional one level for timely acceptance of responsibility, if applicable, if this agreement is executed and returned to the United States Attorney's Office by ~~August 24, 2024~~ *January 27, 2025* *A/e* *EJR*; and 3) the Government will recommend a sentence at the lowest end of the guideline range.

8.    If, in the opinion of the United States, the defendant either engages in obstructive conduct defined under the Application Note 4 of U.S.S.G. § 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

9.    Pursuant to Sections 6B1.4 and 1B1.3 of the Sentencing Guidelines, the parties hereby stipulate and agree to the following: In or about October 2022, while serving as Cook Supervisor at FCI Hazelton, the Defendant engaged in sexual acts with E.B., an inmate at the facility. Ms. Arillo understands and agrees that should the Court not accept the above stipulation, she will not have the right to withdraw her plea of guilty.

10.    The defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess her financial condition for sentencing purposes. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimal

_____          1-27-25
Christina R. Arillo                        Date

_____          1-27-25
Edmund J. Rollo, Esq.                      Date
Counsel for Ms. Arillo

Edmund J. Rollo, Esq.
August 12, 2024
Page 4

financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to a period of incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

11.     With respect to any presentence investigation and the imposition of the sentence in this case, the United States reserves the right to provide to the Court and the United States Probation Office relevant information (including Ms. Arillo's background, criminal record, offense conduct, and other pertinent data appearing at Rule 32(d) of the Federal Rules of Criminal Procedure) to assist the Court in exercising its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report prepared by the Probation Office, and to respond to any written or oral statements made by the Court, by Ms. Arillo or her counsel.

12.     Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

A.     Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s);

B.     The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the

_____
Christina R. Arillo

_____
Edmund J. Rollo, Esq.
Counsel for Ms. Arillo

1-27-25
_____
Date

1-27-25
_____
Date

Edmund J. Rollo, Esq.
August 12, 2024
Page 5

establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release); and

C.    To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in the above paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

13.    If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement in part or in whole.

14.    The above thirteen (13) paragraphs constitute the entire agreement between Ms. Arillo and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Very truly yours,

WILLIAM IHLENFELD
United States Attorney

By:    _____
Andrew R. Cogar
Assistant United States Attorney

As evidenced by my signature at the bottom of the five (5) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____
Christina R. Arillo

_____
Edmund J. Rollo, Esq.
Counsel for Ms. Arillo

1-27-25
_____
Date

1-27-25
_____
Date